IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEVA BEAUTY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-03965 |
| | ) |
| MIRACLE EYEBROWS, LLC and | ) |
| DOES 1-20, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

SEVA Beauty, LLC ("SEVA"), by its attorneys, and for its Complaint for Injunctive Relief and Damages against defendant Miracle Eyebrows, LLC ("Miracle Eyebrows"), states as follows:

**PARTIES**

1. SEVA is a limited liability company organized under the laws of Illinois. Its sole member is SEVA Holdings, LLC.

2. SEVA Holdings, LLC is also a limited liability company organized under the laws of Illinois. Its members are Vas Maniatis and Sonal Maniatis. Each of them is a citizen and resident of Puerto Rico.

3. Miracle Eyebrows is a limited liability company organized under the laws of Michigan. Its members are Hyder Hussain, Syed Quadri, and Rafi Qureshi. Each of them is a citizen and resident of Michigan.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in

1

that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in the complaint occurred in this judicial district.

## RELEVANT FACTS

6. Founded in 2010, SEVA is the franchisor of the SEVA Beauty™ brand of franchised fast-casual spa studios, which comprises approximately 180 outlets located throughout the United States.

7. Through the expenditure of considerable time, skill, effort, and money, SEVA has developed a system for establishing and operating distinctive, high quality studios serving the public under the SEVA Beauty™ name (the "SEVA System"). These studios offer a variety of services, including brow shaping, eyelash extensions, eyebrow tinting, flash facials, and makeup application.

8. SEVA grants franchises to qualified persons to establish and operate SEVA studios under written franchise agreements with SEVA, together with a limited license to use certain SEVA trademarks and the SEVA trade dress in connection with the operation of those studios.

9. Critical to SEVA's success is its establishment of franchised locations within Walmart stores. The vast majority of SEVA studios lease spaces within Walmart locations and rely on the Walmart store traffic to support their businesses.

10. SEVA protects its access to these critical locations in several ways.

11. First, franchisees agree to operate their studios for five year terms. Franchisees have no right to terminate the agreements prior to expiration absent a material breach of the franchise agreements by SEVA and SEVA's failure to cure that breach within a specific cure period.

12. Second, franchisees have renewal rights under the franchise agreement that they are entitled to exercise for additional five-year terms, provided they satisfy certain conditions precedent to renewal.

13. Third, franchisees agree not to compete against SEVA both during the term of, and for a period of two years following termination or expiration of, their franchise agreements. The post-termination noncompetition provision prohibits franchises from engaging in a competitive business within a certain radius of the franchisee's former studio or any other SEVA studio then in operation. This noncompetition covenant, among other things, provides SEVA the opportunity to refranchise closed locations.

14. Fourth, SEVA has entered into a master lease directly with Walmart and then in turn subleases particular locations to its franchisees. However, in the event that franchisees breach their franchise agreements and exit the SEVA system before the expiration of the lease, then SEVA remains liable to Walmart under the master lease.

15. Defendant Miracle Eyebrows was founded in 2014 and offers franchises under its own competing brand and system in certain states throughout the country.

16. Miracle Eyebrows also covets Walmart locations.

17. As a franchisor itself, Miracle Eyebrows knows that SEVA franchisees are under contract for specified terms and obligated to comply with in-term and post-termination noncompetition covenants.

18. Nevertheless, SEVA recently discovered that Miracle Eyebrows has engaged in a pattern of tortious conduct aimed at inducing SEVA's existing franchisees to wrongfully and unilaterally, and without cause, terminate their franchise agreements and relationships with SEVA and convert their studios to competitive Miracle Eyebrows brand studios.

19. For example, Miracle Eyebrows has targeted SEVA franchisees directly with fliers and mailers advertising its franchise opportunities within Walmart stores. Miracle Eyebrows has sent those fliers and mailers directly to SEVA franchisees, among others, in Orland Hills, Hodgkins, and Chicago, Illinois.

20. Miracle Eyebrows's conduct in this instance is especially egregious and unlawful given that Miracle Eyebrows is not authorized to offer or sell franchises in Illinois under the Illinois Franchise Disclosure Act ("IFDA"), 815 ILCS 705 *et seq*.

21. The IFDA expressly prohibits the sale of unregistered franchises in Illinois: "It is unlawful for any person to offer or sell any franchise required to be registered under this Act unless the franchise has been registered under this Act or is exempt under this Act." 815 ILCS 205(4)(1).

22. Miracle Eyebrows has therefore engaged in unlawful conduct in violation of the IFDA in connection with its campaign to induce SEVA franchisees to terminate their relationships with SEVA.

## COUNT I – TORTIOUS INTERFERENCE WITH CONTRACT
## INJUNCTION AND DAMAGES

23. SEVA restates paragraphs 1-22.

24. SEVA has established contractual relationships with the hundreds of franchisees that have entered into written franchise agreements with them.

25. The franchise agreements are valid and enforceable contracts.

26. Miracle Eyebrows has and has had actual knowledge of the franchise agreements and their terms.

27. By the conduct described above, Miracle Eyebrows is wrongfully and intentionally soliciting SEVA's franchisees to breach, disrupt, or terminate their franchise agreements with SEVA.

28. Miracle Eyebrows's actions were, and continue to be, intentional, wrongful, and malicious.

29. As a direct and proximate result of Miracle Eyebrows's wrongful and unlawful actions, SEVA has suffered and will continue to suffer actual, substantial, and irreparable harm, including, but not limited to, loss of goodwill and franchisee loyalty, franchise system instability, lost profits, diminution in the value of SEVA System and brand, and loss of competitive advantage.

30. Unless its tortious and unlawful conduct is enjoined, Miracle Eyebrows will continue to intentionally interfere with SEVA's contractual rights under the franchise agreement.

31. As a direct and proximate result of Miracle Eyebrows's actions, SEVA has also been damaged in an amount in excess of $75,000 to be proven at trial.

32. Because Miracle Eyebrows's tortious interference with SEVA's franchise agreements was and continues to be willful and malicious, SEVA is entitled to an award of punitive damages against Miracle Eyebrows.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS INJUNCTION AND DAMAGES

33. SEVA restates paragraphs 1-32.

34. SEVA has established valid business relationships with the hundreds of franchisees who have entered into written franchise agreements with SEVA

35. Miracle Eyebrows has and has had actual knowledge of SEVA's existing business relationships with these franchisees.

36. By the misconduct described above, Miracle Eyebrows is intentionally and maliciously interfering with the business relationships between these franchisees and SEVA by inducing or causing the franchisees to breach their franchise agreements and disrupt or terminate their business relationships with SEVA.

37. Miracle Eyebrows's actions were, and continue to be, intentional, wrongful, and malicious interference with business relations.

38. As a direct and proximate result of Miracle Eyebrows's wrongful and unlawful actions, SEVA has suffered and will continue to suffer actual, substantial, and irreparable harm, including, but not limited to, loss of goodwill and franchisee loyalty, franchise system instability, lost profits, diminution in the value of the SEVA System and brand, and loss of competitive advantage.

39. Unless its tortious and unlawful conduct is enjoined, Miracle Eyebrows will continue to intentionally interfere with SEVA's business relationships with its franchisees.

40. As a direct and proximate result of Miracle Eyebrows's actions, SEVA has also been damaged in an amount in excess of $75,000 to be proven at trial.

41. Because Miracle Eyebrows's tortious interference with SEVA's business relationships with its franchisees was and continues to be willful and malicious, SEVA is entitled to an award of punitive damages against Miracle Eyebrows.

## **COUNT III – CIVIL CONSPIRACY**

42. SEVA restates paragraphs 1-41.

43. By their conduct described above, Miracle Eyebrows and certain as of yet unknown co-conspirators have willfully, maliciously, and illegally combined and agreed to injure SEVA in its business and contractual relationships with franchisees and have taken affirmative steps in furtherance of their conspiracy, including violations of the IFDA.

44. Miracle Eyebrows's and its unknown co-conspirators' conduct has caused, and unless enjoined will continue to cause SEVA actual, substantial, and irreparable harm, including, but not limited to, loss of goodwill and franchisee loyalty, franchise system instability, lost profits, diminution in the value of the SEVA System, and loss of competitive advantage.

45. As a direct and proximate result of Miracle Eyebrows's and its unknown co-conspirators' actions, SEVA has also been damaged in an amount in excess of $75,000 to be proven at trial.

46. Because Miracle Eyebrows's and its unknown co-conspirators' conduct was and continues to be willful and malicious, SEVA is entitled to an award of punitive damages against all of them.

## PRAYER FOR RELIEF

**WHEREFORE,** SEVA respectfully prays for the following relief against Miracle Eyebrows:

A. A preliminary and permanent injunction enjoining Miracle Eyebrows and its agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from communicating with or soliciting any franchisee of SEVA;

B. A preliminary and permanent injunction directing Miracle Eyebrows and its agents, servants, employees, and attorneys, and all persons in active concert or participation with them, to cease interfering with (1) the business relationships with hundreds of SEVA's

franchisees and (2) SEVA's contractual rights under the franchise agreements with such franchisees;

     C.    An award of the costs and expenses, including reasonable attorneys' fees and costs, incurred by SEVA in connection with this action;

     D.    Judgment in favor of SEVA and against Miracle Eyebrows in amounts to be proven at trial;

     E.    An award of punitive damages against Miracle Eyebrows in an amount that will punish them and deter them and others from engaging in similar tortious conduct; and

     F.    Such other and further relief as the Court deems just and proper.

Dated: June 6, 2018

Respectfully submitted,

**SEVA BEAUTY, LLC,**

By: s/ Aaron-Michael Sapp
    One of its Attorneys

Fredric A. Cohen (ARDC #6198606)
Aaron-Michael Sapp (ARDC #6297528)
**CHENG COHEN LLC**
311 North Aberdeen Street, Suite 400
Chicago, Illinois 60607
(312) 243-1701
fredric.cohen@chengcohen.com
asapp@chengcohen.com